THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO. 5:16-cv-00767-RE
(ASSOCIATED CASE: CIVIL CASE NO. 5:16-cv-00302-RE)

| | |
|---|---|
| WALTER L. HINSON,<br>Chapter 7 Trustee for<br>CELESTE G. BROUGHTON,<br><br>    Plaintiff,<br><br>vs.<br><br><br>CITIBANK, N.A.,<br><br>    Defendant. | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant Citibank N.A.'s Motion to Dismiss [DE 13].

I. **PROCEDURAL BACKGROUND**

Celeste G. Broughton (the "Debtor") filed a Petition for Relief under Chapter 13 of Title 11 of the United States Bankruptcy Code on December 15, 2014. [Bankr. Case No. 14-07268-5-JNC (the "Bankruptcy Proceeding")]. On July 14, 2015, the case was converted to one under Chapter 7. On July 15, 2015, Walter L. Hinson (the "Plaintiff") was appointed as the Chapter 7 Trustee by order of the Bankruptcy Court. On May 19,

2016, on his own motion, the Honorable Terrence W. Boyle, United States District Court Judge for the Eastern District of North Carolina, entered an Order withdrawing the reference to the United States Bankruptcy Court for the Eastern District of North Carolina. [Misc. Case No. 5:16-mc-19-BO]. The United States District Court thereafter docketed the main bankruptcy proceeding as Civil Case No. 5:16-cv-302-BO.[1]

On August 25, 2016, the Plaintiff instituted the present adversary proceeding against Citibank, N.A. ("Citibank") pursuant to 11 U.S.C. § 544(a)(3)[2], seeking: (1) avoidance of Citibank's security interest on the grounds that the Deed of Trust purporting to perfect such interest fails to properly and adequately identify the underlying obligation (First Cause of Action) and (2) avoidance of Citibank's Deed of Trust on the grounds that it

---

[1] On July 21, 2017, this case was reassigned to the undersigned. [DE-436].

[2] Section 544(a)(3) provides, in pertinent part, as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C.A. § 544(a)(3).

2

fails to properly identify the record owner of the Real Property (Second and Third Causes of Action). [DE 2: Corrected Complaint].

Citibank now seeks the dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Plaintiff has failed to state claims upon which relief can be granted. [DE 13]. The Plaintiff has filed a Response in opposition to Citibank's motion [DE 21], and Citibank has filed a Reply [DE 22].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

In reviewing the complaint, the Court must accept the truthfulness of all factual allegations but is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory

statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012).

Determining whether a complaint states a plausible claim for relief is "a context-specific task," Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), which requires the Court to assess whether the factual allegations of the complaint are sufficient "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555. As the Fourth Circuit has explained:

> To satisfy this standard, a plaintiff need not forecast evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements. Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is probable, the complaint must advance the plaintiff's claim across the line from conceivable to plausible.

Walters, 684 F.3d at 439 (citations and internal quotation marks omitted).

## III. FACTUAL BACKGROUND

Taking the well-pleaded factual allegations of the Complaint as true, the following is a summary of the relevant facts.[3]

As part of her Schedules filed in the Bankruptcy Proceeding, the Debtor filed Schedule A, identifying certain real property of the bankruptcy

---

[3] In reciting the relevant factual allegations, the Court has disregarded all "bare legal conclusions" asserted in the Amended Complaint, see Aziz, 658 F.3d at 391, as well as "[t]he mere recital of elements of a cause of action," see Walters, 684 F.3d at 439.

4

estate.[4] [DE 2 at ¶ 9; DE 2-1]. In that Schedule, the Debtor listed a single family residence, located at 2529 White Oak Rd, Raleigh, North Carolina 27609 (the "Real Property") and specifically described the nature of her interest in the Real Property as "[f]ee simple absolute; and trustee of trust for benefit of her heirs." [DE 2 at ¶ 10; DE 2-1]. Also as part of her Schedules, the Debtor filed Schedule C, wherein she claimed a $67,500 exemption[5] in the "wood frame residence and lot built [in] 1938" pursuant to NCGS § 1C-1604 and NCGS §1C-1601. [DE 2 at ¶ 11; DE 2-3]. On Schedule C-1, the Debtor listed herself as owner of the Real Property in which she sought to claim the exemption. [DE 2 at ¶ 12; DE 2-4].

The Debtor, individually, acquired the Real Property through a conveyance from Robert B. Broughton by way of a Deed, dated January 4,

---

[4] The Court may take judicial notice of matters of public record without converting the Defendant's motion to dismiss into a motion for summary judgment. Clark v. BASF Salaried Employees' Pension Plan, 329 F. Supp. 2d 694 (W.D.N.C. 2004), aff'd as modified sub nom. Clark v. BASF Corp., 142 F. App'x 659 (4th Cir. 2005). Additionally, in reviewing a complaint under Rule 12(b)(6), the Court "may consider documents attached to the complaint...so long as they are integral to the complaint and authentic." Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation, 532 F. App'x 332, 334 (4th Cir. 2013) (quoting Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007)).

[5] The Plaintiff objected to the Debtor's claim for exemptions. On September 15, 2015, the United States Bankruptcy Court entered its Order Allowing Objection to Debtor's Claim for Exemptions [Civil Case No. 5:16-cv-00302-RE, DE-238], whereby the Court held that the Debtor is entitled to an exemption amount of $35,000. Thereafter, the Debtor sought to amend her exemptions, but that motion was ultimately denied.

1973, and recorded in the Office of the Register of Deeds for Wake County in Deed Book 2128 at Page 216. [DE 2 at ¶ 13; DE 2-5]. Thereafter, on September 19, 1977, Celeste Gold Broughton, individually, conveyed the Real Property by way of a deed to "Celeste Gold Broughton, Trustee under Trust Agreement dated the 19th day of September 1977" (the "Trust Deed"), which was recorded in the Office of the Register of Deeds for Wake County, on September 20, 1977, in Book 2544 at Page 594. [DE 2 at ¶ 14; DE 2-6].[6]

On August 10, 2007, the Debtor executed a document entitled Home Equity Line of Credit Agreement and Disclosure (the "Credit Agreement") in favor of Citibank. Page 1 of the Credit Agreement appears to be the closing sheet for the transaction that defines the borrower as "Celeste Broughton." The Credit Agreement is signed by (1) "Celeste Gold Broughton, Trustee" and (2) "Celeste Gold Broughton, Individually." [DE 2 at ¶ 18; DE 2-8]. The

---

[6] A number of years later, on August 27, 1990, "Celeste Gold Broughton" attempted to convey her interest in the Real Property via a quitclaim deed to "Celeste Gold Broughton, Trustee" by way of execution of a deed to "correct the legal description in the change of title" (the "Quitclaim Deed"), which was recorded in the Office of the Register of Deeds for Wake County in Book 4766 at Page 0027 on August 28, 1990. [DE 2 at ¶ 15; DE 2-7]. Celeste Gold Broughton, however, had previously transferred her interest in the Real Property via the Trust Deed, and, therefore, at the time of the execution of the Quitclaim Deed she had no interest in the Real Property that could be transferred to "Celeste Broughton, Trustee." All of her ownership interest had previously been transferred to "Celeste Gold Broughton, Trustee under Trust Agreement dated the 19th day of September 1977" as specifically described in the Trust Deed. Accordingly, this Quitclaim Deed does not impact the chain of title as to the Real Property.

6

terms of the Credit Agreement provide that advances may be paid for a period of ten years from the date of its execution and that the final maturity date is thirty years and two months from August 10, 2007. Celeste Gold Broughton -- without any indication as to whether this signature was on behalf of her individually or as trustee -- executed the auto-payment authorization page of the Credit Agreement but no further information is provided regarding payment. [DE 2 at ¶ 19; DE 2-8]. Contemporaneously with the Credit Agreement, the Debtor executed a Home Equity Line of Credit Deed of Trust in favor of Citibank (the "Deed of Trust"). [DE 2 at ¶ 20; DE 2-8]. The Deed of Trust identifies the trustor as "Celeste Gold Broughton, Trustee." [DE 2-8 at 17]. The terms of the Deed of Trust purport to grant Citibank a perfected security interest in the Real Property. The Deed of Trust is signed by both "Celeste Gold Broughton, Trustee" and "Celeste Gold Broughton, Individually." The Deed of Trust appears to have been recorded in the Register of Deeds of Wake County based on the copy provided with that Proof of Claim as it bears the filing stamp of the Register of Deeds dated September 27, 2007, at 9:25 a.m.[7] [Id. at 17].

---

[7] The filing stamp fails to provide a book and page number. The Plaintiff does not allege, however, that the Deed of Trust was not properly recorded.

After the Debtor filed for bankruptcy, Citibank filed a Proof of Claim (Claim No. 5) in the Bankruptcy Proceeding asserting a secured interest in the Real Property. At the Meeting of Creditors, the Plaintiff examined the Debtor under oath and questioned the Debtor regarding her understanding of how the Real Property was titled. She stated that it was subject to a trust document that she had in her possession. The Debtor provided the Plaintiff with a copy[8] of the Trust Agreement dated September 19, 1977. [DE 2 at ¶ 29; DE 2-9].

## IV. DISCUSSION

In his First Cause of Action, the Plaintiff claims that Citibank's secured interest is not valid as the Deed of Trust fails to properly and adequately identify the underlying obligation.

In order to be valid, a deed of trust must properly identify the obligation secured. In re Hall, 210 N.C. App. 409, 413, 708 S.E.2d 174, 177 (2011); Putnam v. Ferguson, 130 N.C. App. 95, 98, 502 S.E.2d 386, 388 (1998); In re Foreclosure of Deed of Trust of Enderle, 110 N.C. App. 773, 775, 431 S.E.2d 549, 550 (1993). "[T]he deed of trust . . . must adequately identify

---

[8] According to the Complaint, the Debtor has failed to provide the original (wet ink) trust document. [DE 2 at ¶ 29]. The Plaintiff believes that the original document may no longer exist. [Id.].

the promissory note, and it does so when there is no intimation or suggestion that the note recited in the deed of trust was in any way at variance with the terms of the obligation as set out in the deed of trust." In re Proposed Foreclosure of the Real Estate Deed of Trust Executed by Bright's Creek Lot 71, LLC, No. COA12-69, 2012 WL 4892868, at *3 (N.C. Ct. App. Oct. 16, 2012) (quotation and internal quotation marks omitted).

Here, the Deed of Trust refers to the Credit Agreement having been executed "of even date herewith and in connection with this Deed of Trust." [DE 2-8]. The Deed of Trust further recites the same principal sum, maturity date, and payment terms as set forth in the Credit Agreement. The Deed of Trust, therefore, clearly identifies the underlying obligation.

The Plaintiff contends that the Deed of Trust fails to properly identify the underlying obligation as the Deed of Trust defines the "borrower" as the individual who executed the Credit Agreement; that the Credit Agreement only shows Celeste Gold Broughton, individually, as the borrower; and that this inconsistency creates a "fatal defect" in Citibank's security interest. [DE 2 at 11 ¶ 44]. This argument, however, is without merit. The chain of title for the subject Real Property demonstrates that Celeste Gold Broughton, as Trustee under the Trust Agreement dated September 19, 1977, was the record owner of the Real Property at the time of the transaction with Citibank.

The Deed of Trust identifies the grantor as "Celeste Gold Broughton, Trustee," and the Debtor signed the Deed of Trust in both her individual capacity and in her capacity as trustee, as evidenced by her dual signatures of the second page of the Deed of Trust. The Debtor also executed the Credit Agreement in both her individual capacity and in her capacity as trustee, as evidenced by her dual signatures on the first page of the Credit Agreement.

The fact that the Debtor executed the Credit Agreement's "Authorization to Charge Account" without designating whether she was signing in her individual capacity or as trustee is of no moment. A trust is not a legal entity that can borrow money or hold title; rather it is the creation of a fiduciary relationship between a trustee and trust beneficiaries with respect to property. Thus, just as in the Credit Agreement and the Deed of Trust, only the individual named as trustee could be identified as the person giving "authorization to charge." By executing the Authorization to Charge without identifying her fiduciary capacity, the Debtor agreed to be bound to its terms both in her individual capacity and in her capacity as trustee. See N.C. Gen. Stat. Ann. § 36C-10-1010(a) (stating that a trustee is not personally liable on a contract properly entered in the course of administering the trust if the trustee disclosed his/her fiduciary capacity). It simply makes no difference

whether the Debtor was specifically identified as an individual or a trustee in the Authorization to Charge because the contract bound her either way.

In sum, there is no ambiguity in the Deed of Trust. The underlying obligation is clearly identified. Therefore, the Plaintiff's First Cause of Action must be dismissed.

In his Second Cause of Action, the Plaintiff seeks avoidance of the Deed of Trust on the grounds that it fails to identify the proper record owner of the Real Property. Specifically, the Plaintiff alleges that because the Real Property is owned by "Celeste Gold Broughton, Trustee under the Trust Agreement dated the 19th of September, 1977," the Debtor – either as an individual or as "Celeste Gold Broughton, Trustee," had no interest to convey in the Deed of Trust. This argument, however, is not supported by North Carolina law.

Under North Carolina law, the Debtor was not required to specifically identify herself as Trustee for a specific Trust, or to specifically identify the Trust for which she served, when she conveyed her interest in the Real Property via the Deed of Trust. Specifically, N.C. Gen. Stat. § 43-63 provides as follows:

> When any instrument affecting title to real estate describes a party as trustee or agent, or otherwise indicates that a party is or may be acting as trustee

11

or agent, but does not indicate any beneficial interest, set forth his powers or specify some other recorded instrument setting forth such powers and the place in the public records where it is recorded, and there is no recorded instrument in the record chain of title to such real estate setting forth such powers, then the description or indication shall not be notice to any person thereafter dealing with the real estate of any limitation upon the powers of the party nor require any inquiry or investigation as to such trust or agency. Such trustee or agent shall be deemed to have full power to convey or otherwise dispose of the real estate; and no person interested under such trust or agency shall be entitled to make any claim against the real estate based upon notice given by such description or indication. This Article shall not prevent claims against the trustee or agent or against property other than the real estate.

N.C. Gen. Stat. Ann. § 43-63. Under this provision, the Debtor, when signing simply as "Trustee," had full power to convey an interest in the Real Property, notwithstanding the lack of a specific identity of a beneficial interest. Further, Citibank was not required to make any inquiry or investigation as to the Trust or agency asserted by the Debtor, and Citibank was entitled to rely on the Debtor's representation, when signing as "Trustee," that she acted with authority.[9] See id. For these reasons, the Plaintiff's claim that the Deed of

---

[9] Indeed, the Debtor, whether acting individually or as the Trustee for the Trust, retained the same legal title to the Real Property even after the transfer to herself as Trustee under Trust Agreement dated the 19th day of September 1977. Nevitt v. Robotham, 235 N.C. App. 333, 337, 762 S.E.2d 267, 270 (2014) ("where the settlor and the trustee are the same person, no transfer of legal title is required, since the trustee already holds legal

12

Trust is invalid because it does not adequately identify the beneficiary interest represented by the Trustee must fail. The Plaintiff's Second Cause of Action is therefore dismissed.

In his Third Cause of Action, the Plaintiff also seeks avoidance of Citibank's Deed of Trust on the grounds that it fails to adequately identify the owner of the Real Property. In support of this claim, the Plaintiff alleges that "there are documents recorded in the Register of Deeds that reference various trust agreements and conflicting information," and therefore the "vague reference to 'Trustee' is insufficient to create a valid lien." [DE 2 at 13-14 ¶¶ 63-64]. The Plaintiff, however, fails to plead any specific facts to support this legal theory. The Plaintiff does not identify in the Complaint any Deeds of Trust or other documents in the chain of title that would have put Citibank or any other creditor on notice of the existence (or even the possibility of existence) of multiple trusts. Rather, the only trust referenced in the Plaintiff's Complaint is the trust created by the Trust Agreement dated September 19, 1977. Thus, to the extent that the Plaintiff seeks to avoid

---

title"). Because the Debtor, as both Trust Settlor and Trustee, held legal title to the Real Property both before and after her conveyance to herself, as Trustee under the Trust Agreement dated the 19th of September, 1977, she retained the right and the power to convey her interest as security for the Citibank loan. This is true regardless of whether she executed the instrument as an individual, or as a Trustee, or both (as she did in this case).

Citibank's security interest based on any inconsistencies in the chain of title, the Plaintiff has failed to allege any plausible facts to support such a claim. The Plaintiff's Third Cause of Action, therefore, is dismissed.

For all of these reasons, the Court concludes that the Plaintiff's Complaint fails to state any claim for which relief could be granted, and this action is therefore dismissed.

### O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant Citibank N.A.'s Motion to Dismiss [DE-13] is **GRANTED**, and this action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Entered this the 13 day of December, 2017.

_____
MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE